672

Enmienda a la Regla 13 del Reglamento del Tribunal Supremo.

*Número:* ER-92-5          *Resuelto:* 25 de septiembre de 1992

## RESOLUCIÓN

Por la presente y en virtud de las *Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico*, que hemos adoptado en esta misma fecha, se enmienda la Regla 13 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. I-A, para que lea como sigue:

**Regla 13.   Quejas y procedimiento disciplinario contra abogados**

(a) Esta regla establece el procedimiento disciplinario respecto a abogados.

(b) Cualquier queja escrita y bajo juramento recibida por el Tribunal o por cualquiera de sus jueces respecto al comportamiento de un abogado será debidamente anotada por el Secretario en el registro especial correspondiente que llevará a esos efectos y luego lo elevará a la consideración del Tribunal en Pleno por conducto del Juez Presidente. El Juez Presidente podrá ordenar una investigación preliminar del asunto antes de someter el caso al Pleno.

(c) El Secretario no anotará o practicará asiento alguno sobre queja sin jurar o carente de suficiente especificación de hechos en que esté fundamentada.

(d) El Tribunal podrá, según lo ameriten las circunstancias del caso: (1) ordenar el archivo y sobreseimiento de la queja; (2) requerir al abogado concernido que conteste las alegaciones de la queja; (3) ordenar una investigación del asunto por el Procurador General si la misma no hubiera sido efectuada todavía, o (4) adoptar cualquier medida provisional que considere necesaria y conveniente. Copia de la contestación será notificada por el abogado, por correo certificado con acuse de recibo, al promovente de la queja y hará constar el hecho de la notificación en la contestación que presente al Tribunal.

(e) Luego de recibir la contestación o el informe mencionado en el párrafo anterior, el Tribunal podrá ordenar el archivo y sobreseimiento de la queja o someter el asunto a uno de sus jueces para determinación de causa, quien informará su criterio y recomendaciones al Pleno. Podrá igualmente imponer las sanciones que correspondan sin necesidad de trámites ulteriores cuando de la propia contestación surjan hechos que justifiquen la imposición de sanciones. Luego de completado el trámite anterior, el Tribunal podrá ordenar al Procurador General que presente la correspondiente querella.

(f) Una vez presentada la querella, el Secretario la entrará en el libro de presentaciones misceláneas, expedirá inmediatamente el mandamiento al abogado concernido, requiriéndole que conteste la misma dentro de los quince (15) días de su notificación. El alguacil hará la notificación de la querella y del mandamiento. Si no puede notificar personalmente al querellado, así lo informará al Tribunal, el cual podrá ordenar que se le notifique dejando los documentos en su oficina, durante horas regulares de trabajo, en un sobre con su debida dirección. Tal notificación será suficiente para todos los efectos bajo este Reglamento.

(g) El Procurador General podrá motu proprio presentar querella contra cualquier abogado, como también podrá hacerlo el Colegio de Abogados. Una vez así presentada, se le dará el

mismo trato que si hubiese sido formulada por orden del Tribunal.

(h) Se celebrará una vista para recibir la evidencia sobre la querella. El Tribunal podrá ordenar que se celebre ante sí o, en el uso de su discreción, podrá nombrar un Comisionado Especial para que reciba la evidencia y rinda un informe con sus determinaciones de hecho.

El Comisionado Especial que no esté empleado permanentemente por el Estado Libre Asociado de Puerto Rico, sus agencias o corporaciones públicas, recibirá dietas a razón de treinta y cinco dólares ($35) por cada día de vista o por cada día en que desempeñe las actividades oficiales relacionadas con su designación como Comisionado Especial.

(i) El Comisionado Especial señalará cuantas vistas sean necesarias para recibir la evidencia y el Secretario expedirá las citaciones y otros mandamientos que requiera el Comisionado Especial, de la misma manera que si fuera orden del Tribunal. El Comisionado Especial podrá disponer la celebración de una conferencia con antelación a la vista.

(j) La parte querellada tendrá derecho a confrontarse con los testigos en su contra durante la vista, podrá contrainterrogarlos, podrá examinar la prueba documental o material presentada en su contra, y también podrá presentar testigos y evidencia documental y material a su favor. La parte querellada tendrá derecho a que se le suministre copia de cualquier declaración jurada que haya hecho durante cualquier etapa investigativa de la querella, aun cuando la misma no sea ofrecida en evidencia. No se aplicarán las reglas de descubrimiento de prueba a menos que el Tribunal lo disponga de otro modo por considerarlo indispensable dentro de las circunstancias del caso concernido.

(k) El Comisionado Especial resolverá los planteamientos sobre admisibilidad conforme a derecho. Terminada la presentación de la prueba el Comisionado rendirá un informe con sus determinaciones de hecho, las cuales estarán fundamentadas exclusivamente en la evidencia presentada y admitida. Cualquier conflicto en la prueba se dirimirá en orden a la credibilidad de la prueba. El informe deberá ser presentado al Tribunal, con copia a las partes, dentro de los treinta (30) días de terminada la presentación de la prueba. Junto con el informe se remitirá al Tribunal toda la evidencia documental y material que haya sido presentada. Aquella evidencia que fue presentada pero no admitida será identificada claramente como tal y se indicará, además, la razón por la que no fue admitida.

(l) Las partes tendrán un término simultáneo de veinte (20)

días, contados desde la notificación del informe, para ofrecer sus comentarios u objeciones al mismo y sus recomendaciones en cuanto a la acción que deba tomar el Tribunal.

(m) Transcurrido dicho término, el Tribunal resolverá lo que en derecho proceda.

(n) Se efectuará una grabación de sonido de cualquier vista celebrada, ya sea ante el propio Tribunal o ante un Comisionado Especial. El operador de la grabadora certificará la corrección de cualquier transcripción hecha. Lo grabado será transcrito únicamente en los casos siguientes: (1) cuando el Tribunal o el Comisionado Especial así lo ordene por considerar la transcripción indispensable para formular sus determinaciones de hecho o (2) cuando cualquiera de las partes objete las determinaciones de hecho del Comisionado Especial, y el Tribunal considere indispensable la transcripción para resolver las objeciones. No obstante lo anterior, el Tribunal podrá requerirle al Comisionado Especial que proceda a formular sin la transcripción sus determinaciones de hecho.

(o) Los informes que rinden al Juez Presidente los inspectores de protocolos podrán servir como fundamento para la imposición de medidas disciplinarias a los notarios concernidos sin necesidad de la presentación formal de una querella o la celebración de una vista, pero el notario tendrá oportunidad para comparecer por escrito a alegar lo que a su derecho conduzca.

(p) El Secretario notificará con copia de todas las providencias que adopte el Tribunal al abogado concernido y al promovente de la queja. Cualquier decisión del Tribunal que imponga sanciones se notificará, además, al Secretario de Justicia y al Colegio de Abogados. Si dicha sanción afecta en cualquier forma la capacidad del abogado para actuar como notario, se notificará también al Secretario de Estado y al Director de la Oficina de Inspección de Notarías.

(q) Si el Tribunal ordena la separación permanente o temporera del abogado del ejercicio del notariado (ya directa o indirectamente al ordenar la más abarcadora separación del ejercicio de la profesión de abogado), el Secretario expedirá inmediatamente un mandamiento al Alguacil para que se incaute cuanto antes de los protocolos y registros de afidávits y de testimonios del notario, y los entregue al Director de la Oficina de Inspección de Notarías o a cualquier inspector de protocolos para que éste cumpla con lo dispuesto en el Art. 64 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987. Esta incautación será sin perjuicio de que, una vez terminada la separación temporera, el notario solicite al Tribunal me-

diante moción que le sean devueltos dichos protocolos y registros de afidávits y de testimonios.

(r) Los informes de investigación de una queja contra un abogado y los documentos de la Oficina del Procurador General, el Colegio de Abogados de Puerto Rico o cualesquiera otros organismos o personas presentados en la Secretaría del Tribunal con tal fin, o ante la consideración del Juez Presidente o el Tribunal, no estarán sujetos a inspección por el público hasta que el asunto haya sido resuelto finalmente.

(s) Una vez presentada en la Secretaría del Tribunal la contestación a una querella formal, estarán ambos documentos sujetos a inspección pública al igual que aquellos otros que subsiguientemente sean incorporados durante la tramitación del caso.

*Publíquese.*

Lo acordó el Tribunal y certifica el señor Secretario General.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*